## James N. Harper v. Elijah Ray.

An overseer contracts with his employer to do every thing according to the means furnished by the employer, in the manner a prudent, economical man would act in attending to his own business; and if by his negligence or inattention, the employer sustains damage, that amount may be deducted from the overseer's wages.

The employer, before he can claim such a deduction from the overseer's wages, must by clear proof make it appear that he has been damaged by the conduct of the overseer.

In error from the circuit court of Tallahatchie county; Hon. P. T. Scruggs, judge.

Elijah Ray instituted an action against James N. Harper for overseer's wages due Ray from Harper, for the years 1849, 1850, and 1851. Harper filed certain set-offs against the plaintiff's claim, which were allowed in the court below, and he also introduced testimony to show that Ray by his negligence and carelessness as overseer in the year 1851, had lost the whole of Harper's cotton seed for that year, which was valued at $300 or $400, said Ray having control of the plantation at the time the seed was lost. It was in proof that Ray said " he was not going to stay with Harper next year, and he did not care to save cotton seed for old Harper," &c. Harper was compelled to purchase seed to plant his cotton crop for the year 1852.

The jury in finding their verdict in favor of Ray, disregarded the damage Harper was proven to have sustained by the loss of the cotton seed. Harper prayed, and obtained a writ of error to this court.

*Glenn* for plaintiff in error.

No counsel for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

This was a suit by the plaintiff below, in the circuit court of Tallahatchie county to recover the amount of an account alleged to be due to him by the defendant, for services rendered during the years 1849, 1850, and 1851, as an overseer on the plantation of the defendant.

The contest in the court below, was mainly in regard to the plaintiff's right to recover for the alleged services for the year 1851. Several witnesses were examined on the part of the defendant, for the purpose of showing gross negligence on the part of the plaintiff, relative to many and important items of business falling properly under his control and management. Two of the witnesses prove that the cotton seed of the defendant, which should have been carefully saved to plant the crop of the following year, was, by the gross, and it would seem from part of the proof, wilful, negligence of the plaintiff, entirely lost to the defendant. All the witnesses examined on this part of the case, agree that the loss thus occasioned could not have been less than $300 to the defendant.

Testimony thus certain, both as to the conduct of the overseer, and the loss which resulted, could not, and should not have been disregarded by the jury. The court permitted it to go before them, and they had but one inquiry to make, and that was, whether it clearly established the facts it was introduced to establish.

An overseer contracts to do every thing according to the means furnished by his employer, which a prudent and economical man would do in attending to his own affairs. If, from negligence or inattention, the employer sustains damages, the

overseer suing merely to recover the worth of his services, must submit to take what remains after compensating for the loss occasioned by his own misconduct, or failure to perform his duty. It is no answer to say that he has, performing his duty part of the year, made a good crop, when, by his negligence, it is wasted. He must perform such services each day, and in regard to each item of business, as ought to be performed, or as might reasonably be expected from his situation, skill, and knowledge of the business. No injury or hardship can result from such a rule. The overseer proving that he has rendered services to the employer, will, in the absence of showing to the contrary, be entitled to recover according to his proof, as the law does not presume negligence against a party. It is only where the defendant can by clear proof make such showing, that the overseer can be affected.

Having laid down the rule which governs in cases like the present, and believing that the proof introduced by the defendant, showed both negligence and a consequent loss, and that the jury overlooked this evidence in making up their verdict, we are of opinion that a new trial ought to be granted.

Judgment reversed, new trial granted, and cause remanded.